UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>                     Plaintiff,<br><br>        v.<br><br>U.S. MARSHALS SERVICE, et al.,<br><br>                     Defendants. | No.  2:14-cv-1613 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a federal pretrial detainee, filed a civil rights action pursuant to 42 U.S.C. § 1983.  On November 3, 2014, this Court found that the instant case was "duplicative of the pretrial motions in Case No. 2:12-cr-00154-JAM" and dismissed the case.  (ECF No. 6 at 2.)  A filing fee was not assessed.  Id. at 1.  Judgment was entered and served on Plaintiff at his address of record on November 3, 2014.  (ECF No. 7.)

As an initial matter, Plaintiff's Motion to Proceed in Forma Pauperis will be denied as moot.  If Plaintiff seeks in forma pauperis status on appeal, he will need to file a separate motion in the court of appeal, if he has not done so already.

On January 26, 2015, the Clerk of the Court filed a request for status from Plaintiff that was dated December 11, 2014.  (ECF No. 8.)  In response, Plaintiff was sent a copy of the docket sheet on January 28, 2015.  See Docket Entry for ECF No. 8.  On February 23, 2015, the Clerk of the Court filed two requests for status dated February 1, 2015 (ECF No. 10), and February 11,

1

2015 (ECF No. 9).  On March 3, 2015, in response to the requests, Plaintiff was sent a response notifying him that the case was closed on November 3, 2014, and a copy of the order dismissing the case.  See Docket Entry for ECF No. 9.  On March 11, 2015, the Clerk of Court filed Plaintiff's notice of appeal, dated March 5, 2015.  (ECF No. 11.)  In the notice of appeal, Plaintiff stated that the October 31, 2014 order[1] was not served on him until March 3, 2015.  Id.

The Ninth Circuit has now remanded the appeal to allow this Court to: (1) decide when Plaintiff "received notice of entry of the judgment that satisfied the requirement of Federal Rule of Appellate Procedure 4(a)(6)"; (2) determine whether the contents of "the notice of appeal should be construed as a timely motion to reopen the time to appeal"; and (3) if the notice did constitute a timely motion, rule on the motion.  (ECF No. 15 at 2-3.)

Federal Rule of Appellate Procedure 4(a)(1)(B) states that when one of the parties is a United States agency, as in this case, a "notice of appeal may be filed by any party within 60 days after entry of the judgment."  The district court may reopen the time to file if

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . . within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

A pro se plaintiff's notice of appeal must be construed "as a motion to reopen the time for filing an appeal when he alleges that he did not receive timely notice of the entry of the order or judgment from which he seeks to appeal."  U.S. v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2010) (citing Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997)).

Judgment in this case was entered on November 3, 2014.  (ECF No. 7.)  Therefore, the

---

[1] The order was signed October 31, 2015, but was not filed by the Clerk of the Court until November 3, 2015.  (ECF No. 6.)  To maintain uniformity with Plaintiff's designation of the order, it will be referred to as the October 31, 2015 order.

1  time to file an appeal expired on January 2, 2015.  See Fed. R. App. P. 4(a)(1)(B).  Plaintiff
2  makes an unchallenged[2] assertion that he did not receive timely notice of judgment.  (ECF No.
3  11.)  Presumably, Plaintiff would not have inquired as to the status of his case if he had received
4  the copy of the judgment originally served on November 3, 2014.  Therefore, based upon the
5  December 11, 2014, request for status (ECF No. 8), the Court finds that Plaintiff did not receive
6  notice of the entry of judgment within twenty-one days after entry.  Under Withers, Plaintiff's
7  notice of appeal stating that the Court's October 31, 2014 order dismissing the case was not
8  served on him until March 3, 2015 (ECF No. 11), should be construed as a motion to reopen the
9  time to file a notice of appeal.  Withers, 638 F.3d at 1061.  Assuming Plaintiff did not receive
10 notice of entry of judgment until March 3, 2015, then his notice of appeal, construed as a motion
11 to reopen the time to file an appeal, is timely because it is dated March 5, 2015.  See Houston v.
12 Lack, 487 U.S. 266, 276 (1988).  Under the prison mailbox rule, the date Plaintiff signed the
13 notice will be considered his filing date absent evidence to the contrary.  See Jenkins v. Johnson,
14 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (date petition is signed may be considered earliest
15 possible date an inmate could submit his petition to prison authorities for filing under the mailbox
16 rule).  Even without the benefit of the prison mailbox rule, the motion to reopen would be timely
17 because it was filed by the Clerk of the Court within fourteen days of March 3, 2015.

18          However, Plaintiff was also mailed a copy of the docket sheet on January 28, 2015.  See
19 Docket Entry for ECF No. 8.  The docket sheet would have reflected that an order dismissing the
20 case and judgment were both filed on November 3, 2014.  (ECF Nos. 6, 7.)  Additionally, the
21 entry for the October 31, 2015, order states "[t]his action is dismissed with prejudice."  See
22 Docket Entry for ECF No. 6.  In order to satisfy Federal Rule of Appellate Procedure 4(a)(6)'s
23 notice requirement, "notice must be specific, reliable, and unequivocal."  Nguyen v. Southwest
24 Leasing and Rental, Inc., 282 F.3d 1061, 1066 (9th Cir. 2002).  The docket sheet from the Court
25 would constitute "specific, reliable, and unequivocal" notice.  If Plaintiff received the docket
26 sheet, which his February 1 and February 11, 2015 correspondence indicate he did,[3] then even

---

[2] This case was dismissed before any defendants were served.
[3] The February 1, 2015, letter states as follows: "I filed the above mentioned civil complaint but

1    using February 11, 2015, as the date notice was received, Plaintiff's notice of appeal, construed as
2    a motion to reopen, would be untimely because it was filed more than fourteen days after
3    February 11, 2015.  Fed. R. App. P. 4(a)(6)(B).  Based on Plaintiff's representations that he
4    received correspondence from the Court in this case on February 1 and February 11, 2015, shortly
5    after a docket sheet was mailed to him, the Court finds that, at the very latest, Plaintiff received
6    actual notice of entry of judgment on February 11, 2015.  Plaintiff's notice of appeal therefore
7    constitutes an untimely motion to reopen discovery.

8        Despite the notice of appeal being an untimely motion to reopen, the Court still finds that
9    Plaintiff filed a timely motion to reopen the time to appeal.  Both the February 1 and February 11,
10   2015, correspondence, which sought the status of the case and inquired as to what was going on
11   in the case, what steps needed to be taken, and how much time it would take (ECF Nos. 9, 10)
12   could be construed as motions to reopen the case that were timely filed after notice of the entry of
13   judgment was received in the form of the docket sheet.[4]  In Withers, the court reiterated that "pro
14   se litigants' filings [should be liberally construed] as the appropriate motion or notice necessary
15   for them to pursue their legal claims on appeal."  638 F.3d at 1061 (citing Turner v. Calderon,
16   281 F.3d 851, 864 (9th Cir. 2002); Brannan v. United States, 993 F.2d 709, 710 (9th Cir. 1993)).
17   Liberally construing Plaintiff's inquiries into the status of the case and what steps he needed to
18   take to proceed, the Court finds that Plaintiff's February 1 and February 11, 2015 correspondence
19   constitute motions to reopen the time to file an appeal.  See Powell v. Smith, No. 1:08-cv-01443-
20   SMM, 2012 WL 5364340, at *2 (E.D. Cal. Oct. 20, 2012) (construing requests for status of case
21   as motions to reopen the time to file an appeal).

22       The Court therefore finds that the February 1, 2011, request for status was a timely motion
23   to reopen the time for Plaintiff to file an appeal and the February 11, 2015, correspondence and
24   March 5, 2015, notice of appeal constitute duplicative motions.  Since the Court finds there would

---

did not hear anything till [sic] today."  (ECF No. 10.)  The February 11, 2015 letter similarly states "I wrote to you in Dec 2014 and Jan 2015 about the above mentioned civil case, but have heard nothing till [sic] today."  (ECF No. 9.)

[4] The December 11, 2014 request for status (ECF No. 8) does not constitute a timely motion because it was filed before the time to file an appeal had run.

be no prejudice to Defendants in this case, the three criteria for reopening the time to file an appeal have been met and the Court will grant the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 16) is denied as moot.
2. Plaintiff is deemed to have received notice of entry of judgment that satisfies the notice requirement of Federal Rule of Appellate Procedure 4(a)(6) on January 28, 2015.
3. Plaintiff's February 1 and 11, 2015, correspondence (ECF Nos. 9, 10), and March 5, 2015, notice of appeal (ECF No. 11) are construed as motions to reopen the time to file an appeal.
4. Plaintiff's February 1, 2015, motion to reopen the time to file an appeal (ECF No. 8) was timely and is granted.
5. Plaintiff's February 11, 2015, and March 5, 2015, motions to reopen the time to file an appeal (ECF Nos. 10, 11) are denied as duplicative.
6. The Clerk of the Court is directed to serve a copy of this order on the Clerk of the Court for the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: August 10, 2015

Troy L. Nunley
United States District Judge